IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Wiley Sidney O'Neal, Jr., ) C.A. No. 2:06-1795-HFF-RSB
)
Petitioner, )
)
-versus- ) **REPORT AND RECOMMENDATION**
)
John J. LaManna, Warden, )
)
Respondents. )

This petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 brought by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion to dismiss and motion for summary judgment. 28 U.S.C. § 636(b).

The petitioner, Wiley Sidney O'Neal, filed this petition for a writ of habeas corpus challenging the Bureau of Prisons' (BOP) policy of permitting only the last ten (10) percent of the offender's sentence to be served in pre-release preparation in community or home confinement instead of six (6) months, to the extent possible. Petitioner asks the court to order the BOP to place him in community or home confinement for six (6) months.

The Respondent filed motions to dismiss on March 26, 2007, and on January 14, 2008, and moved to dismiss the petition. On March 28, 2007, and on January 17, 2008, the petitioner was

1

provided copies of the respondent's motions and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On April 30, 2007, the petitioner filed a response in opposition to the respondent's first motion. Petitioner did not file an opposition to the respondent's second motion. Hence, it appears consideration of the motion is appropriate.

**DISCUSSION**

A review of the record and relevant case law reveals that this matter should be dismissed as moot because the BOP did place Petitioner in a half-way house on January 14, 2008, so that no live case or controversy presently exists.

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253 (1990); Honig v. Doe, 484 U.S. 305, 317, 108 S.Ct. 592 (1988). Further, the controversy must be present at all stages of review. Lewis, supra, at 477, 110 S.Ct., at 1253; Arizonans for Official English v. Arizona, 520 U.S. 43, 66, 117 S.Ct. 1055, 1069 (1997). A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue. Church of Scientology v. United States, 506

U.S. 9, 12, 113 S.Ct. 447, 449 (1992); Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133 (1895). See also Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334 (1975); North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404 (1971). One component of the case or controversy requirement is that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983 (1998).

The only exception to the redressibilty requirement is where "some concrete and continuing injury ... some 'collateral consequence' of the conviction" is present. Id. No such injury or consequence is present in the instant matter.

It is undisputed that the petitioner here was released to a half-way house on January 14, 2008. Therefore, it appears that it is not possible for this court to grant the petitioner the relief he requested in his petition. Since, there is no longer a case or controversy to litigate and no concrete and continuing injury exists, this case and the petition now before the court should be dismissed as moot. See, e.g., Elwood v. Sanders, 152 Fed. Appx. 558, 558 (8th Cir. 2005) (per curiam) (dismissing habeas petition as moot because the petitioner's release to a CCC during the pendency of his appeal made it impossible for the court to grant the petitioner's requested relief that he be

released to a lower security prison prior to his release to a CCC); Hernandez v. Fed. Bureau of Prisons, Civ. No. 04-5200(BBK), 2005 WL 3527252, at 2-3 (D.N.J. Dec. 22, 2005) (noting that the petitioner's habeas claim which sought release to a halfway house on July 6, 2005, became moot when he was released to a halfway house on October 17, 2005.

It is well-settled that "one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002), citing Broughton v. North Carolina, 727 F.2d 147, 149 (4th Cir. 1983) (per curiam). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." Southwest Williamson County Community Ass'n, Inc. v. Slater, et al., 243 F.3d 270, 276 (6th Cir. 2001). Since petitioner has already been placed in a half-way house, no actual injury remains which the court could redress with a favorable decision in this petition which renders the petition is nonjusticiable.

### CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that the petition be dismissed as moot.

Respectfully Submitted,

*Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

February 28, 2008

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).

5